UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TREVOR A. KERR, *pro se*,   :
:
                  Plaintiff,   :
:    **MEMORANDUM & ORDER**
         -against-   :    15-CV-4850 (DLI)(ST)
:
AMERICAN AIRLINES, INC.,   :
:
                  Defendant.   :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief Judge:**

      Plaintiff Trevor A. Kerr ("Plaintiff"), proceeding *pro se*, brings this action against his former employer, American Airlines, Inc. ("Defendant"), alleging that he was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons set forth below, the complaint is dismissed without prejudice and Plaintiff is granted leave to amend the complaint NO LATER THAN October 6, 2016.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to construe the plaintiff's *pro se* complaint broadly and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleading stage of the proceeding, the Court must also assume the truth of "all well-pleaded,

nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard does not impose an across the board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

**BACKGROUND**

On August 18, 2015, Plaintiff filed a complaint alleging that Defendant violated Title VII by terminating his employment and creating unequal terms and conditions of his employment. (Complaint ("Compl.") at ¶ 4, Dkt. Entry No. 1.) Plaintiff identified race and color in the complaint as the bases upon which Defendant discriminated against him but provides little else by way of support of his discrimination claim. (*Id.* at ¶ 7.) In the facts section of the complaint, Plaintiff stated that:

> I was instructed by my manager Robert Needham to clock in Mr. Archibol. Both Mr. Archibol and I was [sic] terminated. However [sic] Mr. Archibol was giving [sic] his job back – Mr. Needham was only suspended [sic] but I was not giving [sic] my job back.

(*Id.* at ¶ 8.) Plaintiff was terminated from his position on July 28, 2014, and filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 17, 2015. (*Id.* at ¶¶ 5, 10.)

However, the EEOC determined that Plaintiff failed to file timely his claim of discrimination with the agency and, therefore, dismissed his charge. (*See* EEOC Dismissal and Notice of Rights, Dkt. Entry No. 1.)

## DISCUSSION

**I.     Timeliness**

Under Title VII, a New York plaintiff is required to file a charge of discrimination with the EEOC or state agency and receive a right to sue notice before bringing a claim in federal court. 42 U.S.C. § 2000e-5(e). The administrative claim must be filed with the EEOC or the state agency within 300 days of the discriminatory conduct. 42 U.S. § 2000e-5(e); *see* 29 U.S.C. §§ 626(d), 633(b); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n. 1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts.") This statutory requirement effectively acts as a statute of limitations. Title VII claims in federal court are barred by the failure to file timely an administrative charge. *Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010) (timely filing of a charge with the EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act" and the "statute of limitations for filing a claim with the EEOC is 300 days" in New York). The statute of limitations for each discriminatory and retaliatory act begins to run when that act occurs. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Notwithstanding the EEOC's dismissal of Plaintiff's charges as untimely, Plaintiff may still be allowed to adjudicate this action if he can show that he is entitled to equitable tolling. *Long*

*v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994) (holding that "[u]nder the doctrine of equitable tolling, a complainant may be allowed to file his or her claim outside the applicable limitations period if, because of some action on the defendant's part, the complainant was unaware that the cause of action existed").

In order to apply equitable tolling to the 300-day filing period, Plaintiff has the burden of demonstrating that exceptional circumstances prevented him from timely filing the discrimination charges. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks and citation omitted). Here, Plaintiff fails to suggest any reason for the delay in filing his discrimination charge with the EEOC. Accordingly, Plaintiff may not benefit from the doctrine of equitable tolling and the untimely filing of administrative charges with the EEOC prohibits his filing of this Title VII action.

**II.     Title VII Claims**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff must provide a short and plain statement of the claims against Defendant so that Defendant has adequate notice of the claims against it. *Iqbal*, 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (Rule

4

8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Even under the most liberal interpretation of Plaintiff's allegations, he provides no facts that could possibly connect any adverse employment action to a protected status based on his race or color. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation.").

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, he is granted leave to file an amended complaint NO LATER THAN October 6, 2016. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (vacating the judgment of the district court that dismissed a *pro se* plaintiff's complaint without affording the plaintiff an opportunity to amend his complaint to cure the deficiencies in his due process claim). If Plaintiff files an amended complaint, he must allege any grounds he has for tolling the 300-day period following the alleged discriminatory action, and must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff must set forth the factual allegations on which he bases his federal claims against Defendant and provide all relevant dates. Plaintiff

5

also should include a copy of the charge he filed with the EEOC, or any other agency, with his amended complaint, if available.

      If Plaintiff elects to file an amended complaint, he must do so NO LATER THAN October 6, 2016. Plaintiff is advised further that the amended complaint will completely replace the original complaint and must be captioned, "Amended Complaint." It also must bear the same docket number as this Memorandum and Order. For the convenience of *pro se* Plaintiff, "Instructions on How to Amend a Complaint" are attached. If Plaintiff fails to comply with this Order by October 6, 2016, this action will be dismissed with prejudice. No summons shall issue at this time and all further proceedings shall be stayed until October 6, 2016. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
          September 6, 2016

                                                            /s/
                                           DORA L. IRIZARRY
                                               Chief Judge