UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TREVOR A. KERR,

                            Plaintiff,

                          **ORDER**

       -against-                  15-CV-4850-DLI-SJB

AMERICAN AIRLINES INC.,

                           Defendant.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        Plaintiff Trevor Kerr ("Kerr") filed this employment discrimination action against

Defendant American Airlines Inc. ("American Airlines"). On November 10, 2017,

American Airlines filed a motion for sanctions after Kerr failed to appear for his

deposition. American Airlines seeks expenses for the deposition and dismissal of the

case (or as an alternative to dismissal, extension of discovery to take Kerr's deposition).

The Court held a hearing on the motion on March 30, 2018. At the hearing, the Court

denied the requests to dismiss the case and granted an extension of discovery to conduct

Kerr's deposition. (Minute Order dated March 30, 2018). For the reasons stated below,

the request for monetary sanctions is granted.

Factual Background and Procedural History

        Kerr, who was proceeding *pro se* at the time, commenced this action on August

18, 2015. On October 6, 2016, he filed an Amended Complaint, (Dkt. No. 7), and

Chauncey D. Henry ("Mr. Henry") filed a notice of appearance on behalf of Kerr, (Dkt.

No. 6). A discovery schedule was set at an initial conference before the Honorable

Steven L. Tiscione and the close of discovery was set for December 29, 2017. (Dkt. No.

18). On August 28, 2017, American Airlines filed a motion to compel various discovery

items including written responses to its first request for production of documents and certain interrogatories including requests for information regarding alleged damages. (Dkt. No. 32). Kerr's failure to provide responses to these requests forced American Airlines to reschedule Kerr's deposition twice. (Dkt. No. 24 at 2 ("Plaintiff's failure to provide the requested discovery or respond to efforts to obtain it has caused Defendant to twice reschedule Plaintiff's deposition.")). In his response, Mr. Henry indicated that the delay in providing discovery was due in large part to Kerr's failure to return phone calls to his office and cooperate in providing necessary information. (Dkt. No. 33 at 1-2).

On September 1, 2017, the case was transferred to the undersigned. On September 20, 2017, the Court conducted a hearing on the motion to compel. At the conclusion of the hearing, the Court granted American Airlines's motion to compel. The Court further ordered Kerr to appear for his deposition, which had been delayed due to his failure to participate in discovery. (Minute Order dated September 20, 2017 ("Plaintiff must appear for his deposition and that deposition must be completed within 21 days after he provides a response to the Court's order granting the Defendants motion to compel.")).

The parties agreed to conduct Kerr's deposition at 10:00 a.m. on October 25, 2017; his deposition was properly noticed. (Dkt. No. 35 at 1). On the scheduled date, Mr. Henry and both attorneys for American Airlines—Daniel E. Farrington (Mr. Farrington) and Lauren G. Goetzl (Ms. Goetzl)—appeared, but Kerr did not. (*Id.* at 2). Mr. Henry states he notified his client, Kerr, of the deposition. (*Id.*). All counsel, the court reporter and the videographer waited 45 minutes beyond the scheduled start time and Mr. Henry made several unsuccessful attempts to reach Kerr. (*Id.*). In the two

subsequent weeks, prior to the filing of the motion for sanctions, Kerr did not respond to attempts by Mr. Henry to reach him and Kerr did not offer an explanation why he did not appear for his deposition. (*Id.*).

On January 22, 2018, a stay was issued pending resolution of the sanctions motion. (Order dated January 22, 2018). On February 28, 2018, the Court issued an order to show cause requiring Kerr to explain why he did not appear for his deposition. (Order dated February 28, 2018). On March 23, 2018, Kerr sent an email to his counsel in which he stated "this letter is to state the reason for my absent from court on October 25 2017 I had a family emergency in Jamaica WI." (Dkt. No. 37 at 2). A hearing was held on March 30, 2018. Kerr at that hearing provided the following explanation for his non-appearance at his noticed deposition:

> At the time, there was a lot of issues happening in my life. My father was gravely ill and my grandmother died. And all of this happened in Jamaica. I didn't even inform my attorney of what was going on because there was like a lot of turmoil in my family and I end up -- had to take a trip over to Jamaica to take care of some stuff. So that's one of the -- that's -- that's the reason why I didn't get a chance to attend because I was going through a separation with my wife. So there was like a lot of more family problem that I was going through and I didn't get a chance to apologize to the -- to the other people and to my attorney. I had to apologize to the last minute and I apologize to the Court but there was so much things that was going on with me and within my family, so that's what happened.
>
> I had a nephew who died suddenly in a foreign trip. My niece had breast cancer. So there was a whole bunch of stuff that was happening and because I -- I had to go for my grandmother's funeral and my father was sick, it kind of threw off my whole thing and that's the reason why I didn't -- I didn't get the right -- as I say, I didn't even inform my attorney of what was going on at the time because it was -- there was a lot that was going on for me.

(Transcript of Proceedings from March 30, 2018 ("Tr."), Dkt. No. 40, 5:7-6:5).

At the hearing, the Court denied the request to dismiss the case and lifted the discovery stay.  (Minute Order dated March 30, 2018).

Discussion

"A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37[.]"  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).  Rule 37(d) is designed to impose sanctions "for especially serious disregard of the obligations imposed by the discovery rules, even though [a party] has not violated any court order."  8B Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2291 (3d ed. 2010).  Rule 37(d) provides in pertinent part:

> [I]f a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[1]

In other words, where a party fails to appear for a deposition, the rule requires the Court to award reasonable expenses to the moving party absent substantial justification or other circumstances suggesting an award would be unjust.  *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("[C]ourts and commentators alike have held that the provision requires the award of expenses unless the disobedient party meets that burden[.]") (quotations omitted).  The burden is on the

---

[1] The motion only seeks the imposition of sanctions against Kerr, not his counsel.  As such, the Court does not consider imposing sanctions against Mr. Henry.  Nor would there be any basis to impose sanctions on Mr. Henry.  He appeared for the deposition and made multiple attempts to contact Kerr to get him to appear.  (Dkt. No. 35 at 2).

disobedient party, in this case Kerr, to show "that his failure is justified or that special circumstances make an award of expenses unjust." *Id.*

It is undisputed that Kerr was given proper notice of the deposition. (Dkt. No. 35, Ex. 1). Kerr did not appear for the deposition. He did not return his counsel's calls on the day of the deposition or several weeks thereafter. Indeed, his counsel, in connection with the sanctions motion, which was a joint submission, notified the Court that he could not provide a reason for Kerr's absence from the deposition. (Dkt. No. 35 ("In the two weeks since October 25, Mr. Kerr has not responded to attempts Mr. Henry and his office have made to reach him and Mr. Kerr has not offered an explanation for why he did not appear for his deposition.")). In that same letter, Mr. Henry stated that he was considering withdrawing as counsel because of Kerr's failure to communicate. (*Id.* at 3 n.1 ("Mr. Henry reserves the right to move to withdraw from his representation of Mr. Kerr based on Mr. Kerr's explanation for his non-compliance and non-responsiveness to his counsel's attempts to communicate with him.")).

It was only after the Court issued an order to show cause did the Court receive any indication of the reasons why Kerr failed to attend his deposition or prosecute his case. At the hearing held on March 30, Kerr elaborated on those reasons, and cited a number of significant family issues and hardships that have befallen him. The Court is not unsympathetic to Kerr's personal situation; that is why it declined to recommend the harsh remedy of dismissal. At the same time, Kerr should have kept his counsel aware—at some point—of that personal hardship so that his counsel could take the appropriate steps to adjourn the schedule. "[P]laintiffs are responsible for making themselves available to their attorney, whether to respond to obligatory discovery or to take a position on motions made by their adversaries." *Dauphin v. Chestnut Ridge*

*Transp. Inc.*, No. 06-CV-2730, 2009 WL 5103286, at *2 (S.D.N.Y. Dec. 28, 2009)

(adopting report and recommendation).  Instead, Kerr did nothing despite constant and

persistent inquires, which because they were unanswered, led everyone, including the

Court, to believe that he had abandoned his case.  And the explanation he did give

contained no details about relevant dates and which of the family situations—which

appear to have occurred over an extended period—corresponded with the failure to

attend his deposition.  As a result, the Court cannot find that the failure to appear was

substantially justified or any reason why the imposition of expenses would be unjust.

The immediate financial consequence of Kerr's failure to communicate was that

American Airlines incurred costs from the cancelled deposition.  It has sought

reimbursement in the total amount of $2033.51, which consists of $507.50 in attorney's

fees, and $1526.01 for the conference room rental and the cancellation fees charged by

the court reporter and videographer.

As a general matter, courts in the Second Circuit have consistently awarded

attorney's fees and costs incurred for a deponent's failure to appear at a deposition.  *See,*

*e.g.*, *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 216 (E.D.N.Y. 2012) ("[T]he

Defendant is entitled to recover reasonable attorney's [fees] and costs associated with

the portion of the motion for sanctions relating to sanctions against Niblett and Luster

Cote for failure to appear at their depositions pursuant to Rule 37(d).").

The amount American Airlines is seeking is less than what other parties have

sought for a non-appearance at a deposition.  *See, e.g.*, *John Wiley & Sons, Inc. v. Book*

*Dog Books, LLC*, 298 F.R.D. 145, 149-50 (S.D.N.Y. 2014) (awarding $4542.30 in fees

and expenses).  American Airlines could have sought travel costs to the deposition and

fees for time spent preparing and arguing the sanctions motion.  *Bey v. City of New*

*York*, No. 99-CV-3873, 2007 WL 1771557, at \*4 (S.D.N.Y. June 18, 2007).  But it did not.[2]

As to the attorney's fees, the amount American Airlines is seeking encompasses the time for two attorneys—Mr. Farrington and Ms. Goetzl.  It would be excessive to grant fees for two attorneys for a deposition in this straightforward case.  *See, e.g.*, *Clarke v. Hudson Valley Fed. Credit Union*, No. 14-CV-5291, 2016 WL 884667, at \*9 (S.D.N.Y. Mar. 8, 2016) ("[I]t was reasonably appropriate for Clarke to have one attorney appear in-person to defend Clarke's deposition, it was unnecessary and excessive for two attorneys . . . to do so.").  And no explanation is provided in the sanctions motion why two senior attorneys were needed at Kerr's deposition.  The Court therefore awards attorney's fees only for Mr. Farrington.

The "starting point" for determining the amount of attorney's fees to be paid is calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  Both the Supreme Court and the Second Circuit have held that the lodestar is a "presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

---

[2] "The Second Circuit has held that when determining the amount of compensatory sanctions to be awarded, 'due process requires, at a minimum, that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses.'"  *Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 70 (S.D.N.Y. 2005) (quoting *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000)).  American Airlines has provided such evidence by submitting invoices for the conference room and videographer, and Kerr had opportunity to raise objections in writing and at the hearing.  No objection was presented.

In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 493 F.3d at 119) (internal quotations omitted). "In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals." *Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15-CV-5737, 2017 WL 5564892, at *2 (E.D.N.Y. Nov. 3, 2017) (quotations omitted), *report and recommendation adopted*, 2017 WL 5564593 (Nov. 18, 2017).

On April 6, 2018, the Court ordered supplemental briefing on the hourly rates and relevant experience of counsel for American Airlines. (*See* Order dated April 6, 2018). On April 10, 2018, American Airlines responded. (Dkt. No. 41). The submission explains that Mr. Farrington graduated from law school in 1998 and is the managing partner and founder of his firm, The Farrington Law Firm, LLC. His hourly rate in this case is $395. Mr. Farrington's rate is within the range of acceptable hourly rates for a partner.

The amount of time spent on the matter (*i.e.* 45 minutes of waiting) was reasonable. *See, e.g.*, *Bacote v. Riverbay Corp.*, No. 16-CV-1599, 2016 WL 7496139, at *2 (S.D.N.Y. Dec. 29, 2016) ("Counsel's application indicates that, although he spent 2.1 hours waiting . . . he is only requesting compensation for 1.5 hours of attorney time because he was able to devote some of that 2.1 hours to work on other matters).

The Court therefore awards $296.25 in attorney's fees to American Airlines ($395 per hour for Mr. Farrington multiplied by 45 minutes or 0.75 hours).

As to the costs, having reviewed the invoices submitted by American Airlines, the Court concludes that the costs were documented and reasonable and should be paid by Kerr. *Bacote v. Riverbay Corp.*, No. 16-CV-1599, 2016 WL 7496139, at *3 (S.D.N.Y. Dec. 29, 2016) ("Courts routinely order reimbursement of court reporters costs when imposing sanctions under Fed. R. Civ. P. 37(d)(3).") (collecting cases).

<u>Conclusion</u>

The Court awards American Airlines the total amount of $1822.26 to be paid by Kerr. Kerr is ordered to appear for his deposition at a date of American Airlines's choosing. Failure to attend this deposition will lead to the imposition of further sanctions, which may include a recommendation of dismissal of the action with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(v).


SO ORDERED.

/s/ Sanket J. Bulsara April 11, 2018
Sanket J. Bulsara
United States Magistrate Judge


Brooklyn, New York
April 11, 2018